UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRED ALLEN LUCIUS, JR.,

    Plaintiff,

-vs-                                                Case No. 8:19-cv-1326-T-02TGW

GRADY JUDD, et al.,

    Defendants.
_____/

## ORDER

Mr. Lucius is a pretrial detainee at Polk County Jail who initiated this action by filing a civil rights complaint in which he challenges the conditions of his confinement. Now he has filed a Motion for T.R.O. (Doc. 8) in which he moves the Court to direct Defendants to: 1) provide him with kosher/halal meals; 2) allow him to order paper back books and magazines directly from either a book store or publisher; 3) provide him with "reasonable legal supplies such as paper, pen, envelopes, manila envelopes [and] postage;" and 4) "place on hold" the "policy of no physical legal mail" until "this case is decided." Upon consideration, the motion will be denied.

**I. Legal Standard**

"The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)). Rule 65 of the Federal Rules of Civil Procedure provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Similarly, the Local Rules of the Middle District of Florida provide that a party seeking a temporary restraining order must show "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible[,]" including the reason that notice cannot be given. L. R. 4.05(b)(2) and (4) (M.D.Fla.).

And the Local Rules require that a motion for a temporary restraining order "be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P." L. R. 4.05(b)(3) (M.D.Fla.).

Before the Court may grant either a temporary restraining order or a preliminary injunction, the moving party must post security "in an amount...to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## II. Discussion

Mr. Lucius has not complied with Rule 65 or the Local Rules. He did not file an affidavit in support of his motion. In addition, he has not certified in writing any efforts made to give the Defendants notice of the motion and the reasons why it should not be required. *See Kazal v. Price*, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying motion for temporary restraining order in part because "[t]he plaintiffs' attorneys fail[ed] to submit an affidavit certifying an effort to notify

[the defendant] about the motion and fail[ed] to explain the necessity for an *ex parte* order"). Moreover, he has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed. R. Civ. P., and to provide a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P. See L.R. 4.05(b)(3) (M.D. Fla.). Finally, he fails to clearly show that immediate and irreparable injury, loss, or damage will result to him before Defendants may be heard in opposition. *See* Fed. R. Civ. P. 65(b); L. R. 4.05(b) (M.D.Fla.).

Thus, Plaintiff has not demonstrated entitlement to a temporary restraining order.

Accordingly, Mr. Lucius' Motion for T.R.O. (Doc. 8) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on ___August 16th___, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copy to: Fred Allen Lucius, Jr., *pro se*