UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRED ALLEN LUCIUS, JR.,

    Plaintiff,

-vs-                                                    Case No. 8:19-cv-1326-T-02TGW

GRADY JUDD, et al.,

    Defendants.
_____/

## ORDER

Mr. Lucius is a pretrial detainee at Polk County Jail who initiated this action by filing a civil rights complaint in which he challenges the conditions of his confinement. Because Mr. Lucius is proceeding in this action *in forma pauperis*, the Court has examined the complaint in accord with 28 U.S.C. § 1915. Section 1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by § 1915(e)(2) is a screening process to be applied by the Court *sua sponte*. *See* 28 U.S.C. § 1915(e)(2). The Court finds, for reasons set forth *infra*, that the complaint should be dismissed, with leave to amend, for failure to state a claim upon which relief may be granted.[1]

---

[1] The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# DISCUSSION

## I. Allegations

Mr. Lucius alleges that Defendants "are all responsible in various ways either directly or indirectly for violating [his] first amendment right[s] to freedom of speech. . . freedom of religion. . .[and] access to the courts. . . ." (Doc. 1, docket p. 16). He contends that his right of access to the courts was violated because Defendants denied him adequate legal supplies and federal case law, his right of freedom of speech was violated because Defendants denied him books and magazines, and his right of freedom of religion was violated because Defendants denied him halal food, a prayer rug and kufi, and religious books and magazines. He further contends that Defendants have violated the "R.F.R.A. (Religious Freedom Restoration Act) and the R.L.U.P.A. [sic] (Religious Land Use and Institutionalized of [sic] Person Act of 2000)" (Id.). As relief, he seeks an order directing Defendants to (1) allow him to purchase and receive "any paperback book coming from a bookstore/publisher," (2) provide "a proper Halla/Kosher diet be served to all inmates requesting so," (3) allow reasonable newspapers and magazines with the same standards set forth by the Florida Department of Corrections," (4) pay him costs associated with "not receiving a proper diet" and "filing this action," (5) "provide reasonable legal materials such as (paper, envelopes, pencils,) and postage for all indigent inmates," and (6) allow him to purchase and receive a prayer rug and kuffe (Id., docket pp. 19-20).

## II. Analysis

### A. It is unclear which allegations apply to each Defendant

Rule 8(a), Federal Rules of Civil Procedure requires, in pertinent part, that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." A

complaint fails to satisfy Rule 8 when it "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct[.]" *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006). Such a complaint violates Rule 8 because "the individual defendants cannot determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable." *Id.*

The complaint fails to differentiate among the Defendants. Mr. Lucius lumps all the Defendants together and fails to clearly indicate which facts and claims are applicable to each Defendant. He therefore will be required to file an amended complaint specifying the factual allegations relevant to each count and to each Defendant.

**2. The allegations in the complaint fail to state a claim of a violation of access to the courts**

Prisoners have a constitutional right to access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998) (citing *Bounds v. Smith*, 430 U.S. 817, 828, (1977)). However, a plaintiff raising a denial of access-to-court claim "must show actual injury before seeking relief." *Id.*, 163 F.3d at 1290. "An inmate may establish an actual injury by demonstrating that officials have frustrated or impeded his efforts to pursue a nonfrivolous claim." *Miller v. Sheriff*, 550 Fed. Appx. 722, 724 (11th Cir. 2013) (unpublished) (citing *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006)). Moreover, "[a] prisoner plaintiff alleging a violation of his right of access to the courts 'must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement.'" *Moulds v. Bullard*, 345 Fed. Appx. 387, 394 (11th Cir.2009) (unpublished) (quoting *Wilson*, 163 F.3d at 1290). The complaint does not allege sufficient facts indicating that Mr. Lucius sustained actual injury from the denial of

adequate legal materials.

**3. Mr. Lucius fails to state a claim upon which relief can be granted against Sheriff Judd**

Mr. Lucius has failed to state a basis for liability as to Sheriff Judd, as he apparently seeks to hold Sheriff Judd liable on a *respondeat superior* theory of liability. It is well established that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability. *Wayne*, 197 F.3d at 1106. Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." *Tittle v. Jefferson County Com'n*, 10 F.3d 1535, 1542 (11th Cir. 1994).

Mr. Lucius does not allege that Sheriff Judd personally participated in the alleged

constitutional violations, nor does he allege the existence of a custom or policy of Sheriff Judd's that caused the constitutional violations. Accordingly, Mr. Lucius fails to state a claim upon which relief may be granted against Defendant Judd.

It is therefore **ORDERED** that:

1. Mr. Lucius' complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

2. Mr. Lucius has thirty (30) days from the date of this Order to file an amended complaint to cure the deficiencies outlined above. The **Clerk of Court** will mail Mr. Lucius a court-approved form to use for filing an amended complaint. If Mr. Lucius fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice.

Mr. Lucius must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. The amended complaint will supersede the original complaint, and all claims must be raised in the amended complaint.

Mr. Lucius must limit the allegations in the amended complaint to claims related to the same basic incident or issues as raised in the original complaint, and name as Defendants only those persons who are responsible for the alleged violations. He must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, he should clearly describe how each named Defendant is involved in each alleged violation, **alleging the claims in separately numbered paragraphs and including specific dates of the alleged illegal**

**acts**. In the section entitled "Statement of Claims," he must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, he shall identify the form of relief he seeks from this Court. If Mr. Lucius fails to file an amended complaint within 30 days, **this action will be dismissed without further notice**.

3. The **Clerk of Court** is directed to mail a court-approved form for filing a civil rights complaint with Mr. Lucius' copy of this Order. This case number should be written on the form.

**DONE AND ORDERED** in Tampa, Florida, on _____8/28_____, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copy to: Fred Allen Lucius, Jr., *pro se*